Bradley D. Shwer (No. 022696)
Sara R. Witthoft (No. 023521)
THORPE SHWER, P.C.
3200 North Central Avenue, Suite 1560
Phoenix, Arizona 85012-2441
Telephone: (602) 682-6100
Email: docket@thorpeshwer.com;
bshwer@thorpeshwer.com;
swiftthoft@thorpeshwer.com

Arnold P. Lutzker (Appearing *Pro Hac Vice*)
Benjamin Sternberg (Appearing *Pro Hac Vice*)
LUTZKER & LUTZKER LLP
1233 20th Street, NW, Suite 703
Washington, DC 20036
Telephone: (202) 408-7600
Email: arnie@lutzker.com; ben@lutzker.com

Attorneys for Applicant Julia Allison Baugher

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ARIZONA

| In the Matter of the Application of Julia Allison Baugher | Case No. 2-19- mc-00034-PHX-JJT |
|---|---|
| | **APPLICANT JULIA ALLISON BAUGHER'S MEMORANDUM IN OPPOSITION TO: (1) MOVANTS' MOTION FOR LEAVE TO FILE AN AMENDED MOTION TO QUASH, AND (2) MOVANTS' FIRST AMENDED MOTION TO QUASH** |

Applicant Julia Allison Baugher ("Ms. Baugher"), through her attorneys, hereby submits this Memorandum of Law in opposition to: (1) Movants John and Jane Does' "Motion for Leave to File an Amended Motion to Quash Exceeding the Page Limitation Set Forth in L.R. Civ. 7.2(e) and To Stay Briefing Schedule" (hereinafter, the "Motion for Leave"), and (2) Movants' "First Amended Motion to Quash Subpoena Issued Pursuant to 17 U.S.C. § 512(h)" (hereinafter, the "First Amended Motion to Quash").

9134505

## **INTRODUCTION**

Does' Motion for Leave is nothing more than an attempt to address attorney error and remedy a deficient filing. Does had their opportunity to fully argue its position in the initial motion to quash filed on November 13, 2019 (the "Motion to Quash"). But, instead, Does elected to file a brief that exceeded this Court's page limitation and contained no evidentiary support. Now, after waiting for Ms. Baugher to file her opposition to the Motion to Quash, Does ask this Court to grant them a "do-over." The Court should not countenance Does' thinly veiled and improper[1] attempt to evade the bar on raising new evidence and argument in a reply brief. Nor should it tolerate Does' filing of the First Amended Motion to Quash without leave of the Court. Indeed, to hold otherwise would be to reward Does' procedural gymnastics and encourage future litigants to engage in similar, prejudicial gamesmanship. For these reasons, and the reasons set forth more fully below, this Court should deny Does' Motion for Leave and First Amended Motion to Quash and strike Documents 10 and 11 from the record.

## **BACKGROUND**

On October 7, 2019, Ms. Baugher filed a Digital Millennium Copyright Act ("DMCA") subpoena request with this Court in order to obtain information sufficient to identify a number of unknown infringers who operated and/or contributed to the dissemination of infringing content on the website https://rebloggingdonk.com/. *See* Doc. 1. A DMCA subpoena with a response date of October 22, 2019 was issued by this Court

---

[1] Remarkably, Does' Motion for Leave fails to cite to any legal basis for the requested relief.

on October 8, 2019 (the "DMCA Subpoena") and served on GoDaddy.com, LLC on October 10, 2019. *See* Doc. 2.

Fourteen days after receiving notification from GoDaddy.com, LLC, Does filed a motion to quash the DMCA Subpoena and a motion for a temporary restraining order. *See* Doc. 4. The Motion to Quash exceeded this Court's page limitation by more than six pages[2] and was entirely unsupported by evidence. *See id.*

Although the Court's November 19, 2019 Order directed "the parties" to file "any responses" to the Motion Quash by December 2, 2019 (*see* Doc. 6), on November 26, 2019, the Parties entered into a stipulation to extend the briefing schedule. *See* Doc. 7. And, the following day, the Court granted the Parties' stipulation and extended Ms. Baugher's opposition deadline until December 9, 2019 and Does' reply deadline to December 23, 2019. *See* Doc. 8.

Pursuant to the Court's November 27th Order, Ms. Baugher filed her opposition to the Motion to Quash on December 9, 2019 (the "Opposition"), along with a declaration supporting her copyright infringement claims. *See* Doc. 9. In the Opposition, Ms. Baugher contends that Does' First Amendment and fair use arguments should be rejected because courts typically command the production of identifying information in response to a DMCA subpoena upon a *prima facie* showing of copyright infringement, and Ms. Baugher easily meets that threshold question. *See id.* at 6-17. Ms. Baugher also argues that the Court should decline to consider Does' fair use argument because it is contained in the portion of

---

[2] The entirety of Does' fair use argument was contained in the portion of the Motion to Quash that exceeded this Court's page limitation. *See* Doc. 4 at 18-23.

the Motion to Quash that exceeds this Court's page limitation and is not supported by evidence. *See* Doc. 9 at 15-16.

Ten days after the filing of the Opposition, and prior to the deadline for submitting a reply brief, Does filed the instant Motion for Leave. *See* Doc. 10. Does' Motion for Leave—which includes a declaration from Doe 1—argues that Does should be granted leave to file an amended motion to quash because "it would result in little or no prejudice to Baugher; it would prevent substantial, irreparable harm to Does; [and] it would permit the Does to present critical, newly-discovered evidence." *See id.* at 3. Does' motion also seeks leave to file an expanded motion to quash of up to twenty-five pages in length and requests that Does be afforded an additional thirty days in which to collect and marshal the evidence necessary to support its amended motion to quash. *See id.* at 40.

Without obtaining leave of the Court, Does filed their First Amended Motion to Quash on December 23, 2019.[3] *See* Doc. 11. Concurrently therewith, Does also filed their Reply Memorandum in Support of their Motion for Temporary Restraining Order (the "Reply"). *See* Doc.12. Does' Reply does not address any of the substantive arguments in Ms. Baugher's Opposition and, instead, reiterates Does' request that the Court enter a temporary restraining order enjoining GoDaddy from producing the information requested in the DMCA Subpoena until the Court rules on the merits of the Motion to Quash. *See id.* at 4-6.

---

[3] Does' First Amendment Motion to Quash suggests that the instant Motion for Leave relates to a *second* amended motion to quash that Does intend to file after engaging in further factual discovery. *See* Doc. 11 at 2-3.

This memorandum opposes Does' Motion for Leave and First Amended Motion to Quash.

**ARGUMENT**

I. **Does' Motion For Leave Should Be Denied Because It Is An Improper Attempt to Circumvent the Bar on Introducing New Evidence and Argument in a Reply Brief and is Inconsistent With Traditional Notions of Fair Play and Due Process.**

The purpose of a reply brief under Local Rule 7.2 is to rebut the nonmovants response in a brief filing. *See* L.R. Civ. 7.2(d), (e)(2). A reply brief is not, however, the place to raise new argument or evidence or remedy one's initial, deficient filing. Indeed, it is well-established that courts do not consider arguments and evidence that is presented for the first time in a reply brief and do not permit parties to circumvent that rule by filing an "Amended Motion" that is tantamount to a reply. *See e.g. Nat'l Fire Ins. Co. v. Lewis*, 898 F. Supp.2d 1132, n. 11 (D. Ariz. 2012) (finding that arguments raised for the first time in reply briefs are deemed waived); *De Freitas v. Thomas*, 2016 U.S. Dist. LEXIS 9461, at * 5-7 (D. Ariz., Jan. 26, 2016) (determining that it is improper for a party to proffer new factual evidence or argument in a reply brief); *Blundell v. Lassiter*, 2018 U.S. Dist. LEXIS 225994, at *40-42 (N.D. Tex. 2018) (holding that a defendant should not be permitted to amend his motion to dismiss to include new arguments that would not have been considered in a reply).

Here, Does' Motion for Leave seeks to introduce new evidence and argument that was not included in its Motion to Quash. More specifically, by their proposed amendments, Does' seek leave to include: (1) a fair use argument that was made by Does in the portion

of its Motion to Quash that exceeded this Court's page limitation; and (2) a declaration from Doe 1 that supports the First Amendment and anonymous speech arguments that Does raised in the Motion to Quash. All of this argument and evidence could have been included in proper form in Does' Motion to Quash. But, instead, Does elected to file a placeholder motion that purported to reserve the right "to properly update and supplement their argument and evidentiary support." *See* Doc. 4 at 10. Does should not be permitted to willfully[4] circumvent the rule against raising new argument and evidence in a reply brief by including the same in its amended motion. Nor should Does be permitted to restart the briefing process after having the benefit of knowing all of the arguments and evidence Ms. Baugher intends to rely on. Accordingly, Ms. Baugher respectfully requests that this Court deny Does' Motion for Leave and strike Documents 10 and 11 from the record.

## II.   Even Under the Ill-Defined Test Proposed By Does, the Motion for Leave Should Be Denied.

Does' Motion for Leave fails to articulate the specific legal standard that should apply to its motion. Nevertheless, Does appear to apply a multi-factor test akin to the standard for amending a complaint under Fed. R. Civ. P. 15(a)(2). *See* Doc. 10 at 5-14. While Ms. Baugher submits that Fed. R. Civ. P. 15(a)(2) applies only to the amendment of *pleadings* and believes that the Motion for Leave should be barred for the reasons set forth in Section I, the factors considered by courts in connection with Rule 15(a)(2) motions also

---

[4] Plaintiffs' decision to introduce its fair use argument and declaration in the Motion for Leave and not the Reply indicates that they are familiar with the well-established rule against introducing new evidence and argument in a reply. Had they not been aware of this rule, they would have simply included their fair use argument and declaration in the Reply and not limited that brief to the narrow issue of the temporary restraining order.

militate in favor of denying Does' Motion for Leave.  Indeed, each of the relevant amendment factors articulated by the Supreme Court in *Foman v. Davis* weigh firmly against granting Does' Motion for Leave.  *See Forman v. Davis*, 371 U.S. 178, 181 (1962) (holding that undue delay, bad faith, dilatory motive, futility, or prejudice to the opposing party may justify denial of an amendment under Rule 15(a)).[5]

     a. *Does' Motion for Leave Should Be Denied Because It Was Filed in Bad Faith and With a Dilatory Motive*.

     Does contend that the requested amendment is not the product of bad faith or a dilatory motive because their initial Motion to Quash was filed under "nearly insurmountable" time constraints that prevented their counsel from fully presenting the arguments and evidence necessary to prevail.  *See* Doc. 10 at 2, 4-5, 8-9.  But that is simply not the case.  Under Fed. R. Civ. P. 45, a responding party must serve its objections "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B).  And it is well-established that a subpoena which provides the responding party with 14 days to respond is presumptively reasonable.  *See In re Rule 45 Subpoena Issued to Cablevision Sys. Corp.*, 2010 U.S. Dist. LEXIS 40653, at *18 (E.D.N.Y., Feb. 5, 2010) (collecting cases).  Accordingly, Does cannot maintain that their delay in presenting full and adequate argument and evidence is justified by the fact that they

---

[5] Likewise, the factors considered when determining whether there is good cause to modify a scheduling order under Fed. R. Civ. P. 16(b)(4) also support denying Does' Motion for Leave.  *See Floyd v. IDS Prop. Cas. Ins. Co.*, 2019 U.S. Dist. LEXIS 61106, at *2-3 (D. Ariz., April 9, 2019) (finding that a party seeking leave to modify a scheduling order under Rule 16 has the burden of establishing that it acted with diligence and that the modification will not cause prejudice to the opposing party).

had only fourteen days to respond to the DMCA Subpoena and would have had "at least a month" to respond under "more usual circumstances."  *See* Doc. 10 at 9.

But even if that were not the case and objecting to a subpoena within 14 days were the herculean task Does say it is, this factor would weigh against granting Does' Motion for Leave.  Does have offered no explanation as to why it took them *fifty days* from the date they were served with the DMCA Subpoena to file the instant Motion for Leave.  Moreover, Does fail to explain why it was necessary to wait until after Ms. Baugher filed her Opposition to the Motion to Quash on December 9, 2019 to submit the Declaration of Doe 1 or present its modified arguments.  Indeed, the only plausible explanations for such delay are attorney error or gamesmanship.  And neither of these rationales should be countenanced by the Court.  Accordingly, Ms. Baugher submits that this factor militates against amendment.

> b.   *Does' Motion for Leave Should Be Denied Because It Would Materially and Unjustifiably Prejudice Ms. Baugher.*

In their Motion for Leave, Does argue that Ms. Baugher would not be prejudiced by Does' filing of an Amended Motion to Quash because Does' Motion to Quash put Ms. Baugher on notice that Does intended to supplement their motion at a later point.  *See* Doc. 10 at 7-8.  While it is true that Does' Motion to Quash "requested until November 18, 2019 to update and supplement their argument and evidentiary support," the mere fact that Does requested more time to marshal and present evidence does not mean that Ms. Baugher will be unharmed by the relief requested in the Motion for Leave.

The instant subpoena dispute is no trivial matter to Ms. Baugher.  And she has already expended considerable resources responding to Does' Motion to Quash and Motion for Leave.  If the Motion for Leave is granted, and Does are permitted to file what amounts to a "do-over," Ms. Baugher will be forced to incur the substantial cost associated with relitigating an issue that has already been presented to the Court in full.[6]  Moreover, Ms. Baugher will be further prejudiced because the requested stay will delay her relief for at least fifty-four days.  *See* Doc. 10 at 40.

Perhaps more significantly, Ms. Baugher will be procedurally prejudiced if Does Motion for Leave is granted.  If the requested relief is granted, Does will be permitted to reframe their motion and introduce new facts and argument after having the benefit of seeing Ms. Baugher's Opposition.  Additionally, Does will be allowed to effectively circumvent this Court's page limitation and force Ms. Baugher to respond to Does' extensive argument (which now included more than sixty pages of legal argument) in a mere seventeen pages.  *See* L.R. Civ. 7.2 (e)(1); Doc. 10 at 40.  This would be unfairly tilt the scales of justice against Ms. Baugher.  But it would also establish an unwelcome precedent.  Indeed, if the Court were to consider the new evidence and argument contained in Does' motions and reward Does' procedural gymnastics, future litigants would be encouraged to engage in similar gamesmanship.  For these reasons, and because much of

---

[6] In fact, because Does have evidenced an intent to file a *Second* Amended Motion to Quash, granting Does' Motion for Leave may cause Ms. Baugher to incur the expense and delay associated with two additional rounds of briefing.  *See* Doc. 11 at 2-3 (indicating that "Does intend to file a Second Amended Motion to Quash").

the above-mentioned prejudice could have been avoided had Does acted expeditiously, the Court should find that this factor weighs strongly against amendment.

c. *Does' Motion for Leave Should Be Denied Because It Would Be Futile*.

In addition to considerations of delay and prejudice, courts typically consider whether a proposed amendment would be futile. *See e.g. Carve Designs, Inc. v. Australian Apparel Pty. Ltd.*, 2016 U.S. Dist. LEXIS 153841, at *13-14 (C.D. Cal., June 29, 2016) ("Futility of amendment can, by itself, justify denial of a motion for leave to amend."). As is more fully set forth in the Opposition, Ms. Baugher submits that it would be futile to permit Does' to amend their motion to include the fair use argument and declarations. *See* Doc. 9 at 6-17.

Although Ms. Baugher's Opposition argued that the factual statements and fair use argument in the Motion to Quash were not properly before the Court, her Opposition directly addressed Does' unsupported factual statements and fair use argument. And it adduced substantial evidence and case law in support of Ms. Baugher's contention that Does' fair use argument was both premature and unavailing. *See* Doc. 9 at 6-17. Does' First Amended Motion to Quash remains utterly silent as to why the issue of fair use should even be considered by the Court, and Does' flurry of recent filings cite no case in which a court withheld identifying information requested under Section 512(h) on fair use grounds. Accordingly, even if the requested amendment were not the product of undue delay and did not cause prejudice, it would be barred on the ground of futility.

III.   <u>**Does' First Amended Motion to Quash Should Be Denied Because it Was Filed Without the Court's Consent.**</u>

It is well-established that a party must obtain leave of the Court prior to amending a filing under Rule 15(a)(2) or modifying a scheduling order under Rule 16(b)(4).  *See* Fed. R. Civ. P. 15(a)(2); Fed. R. Civ. P. 16(b)(4).  Moreover, it is axiomatic that a party must wait for the Court to rule on a motion for leave to amend before filing the subject amendment.

Nevertheless, a mere four days after filing the Motion for Leave, Does' counsel filed Does' First Amended Motion to Quash.  *See* Doc. 11.  It is not clear if Does' intended for the First Amended Motion to Quash to be filed as an attachment to the Motion for Leave[7], or if Does' intended for the First Amended Motion to Quash to be a stand-alone motion that would trigger a response deadline for Ms. Baugher.  But, if the First Amended Motion to Quash is construed as a stand-alone motion, Ms. Baugher submits that it should be denied on the ground that Does' have not yet obtained the Court's consent to file an amendment or modify the Court's November 27, 2019 Scheduling Order.

---

[7] Footnote 1 from the Motion for Leave—which states "Does are not required to attach hereto a complete, annotated copy of the proposed Amended Motion"—suggests that Does did not intend for the First Amended Motion to Quash to be treated as an attachment to the Motion for Leave.  *See* Doc. 10 at n. 1.

1

## **CONCLUSION**

2

3

For the forgoing reasons and the reasons set forth in the Opposition, Ms. Baugher

4

respectfully requests that the Court deny Does' Motion for Leave and First Amended

5

Motion to Quash.

6

Dated: January 2, 2020.

7

Respectfully Submitted,

8

THORPE SHWER, P.C.

9

10

By */s/ Sara R. Witthof_____t*
    Bradley D. Shwer

11

    Sara R. Witthoft

12

13

LUTZKER & LUTZKER

14

15

By */s/ Arnold P. Lutzker_____*
    Arnold P. Lutzker

16

    *Attorneys for Applicant Julia Allison*

17

    *Baugher*

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

3

I hereby certify that on January 2, 2020, I electronically transmitted the attached

4

document to the Clerk's office using the CM/ECF System for filing and transmittal of a

5

Notice of Electronic Filing to the following CM/ECF registrants:

6

7

Philip A. Overcash
Christopher J. Charles
14646 N. Kierland Boulevard, Suite 230
Scottsdale, AZ  85254
*Attorneys for Jane Does and John Does*

8

9

10

*s/ Joanne Granville*
Legal Assistant

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28