

**PROVIDENT LAW**

Philip A. Overcash, SBN 022964
Christopher J. Charles, SBN 023148
14646 N. Kierland Boulevard, Suite 230
Scottsdale, AZ 85254
Telephone: (480) 388-3343
Facsimile: (602) 753-1270
For Court Use Only: docket@providentlawyers.com
*Attorneys for Jane Does and John Doe*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| In the Matter of the Application of Julia Allison Baugher | Case No. 2:19-mc-00034 |
|---|---|
| | **REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AN AMENDED MOTION TO QUASH EXCEEDING THE PAGE LIMITATION SET FORTH IN L.R. CIV. 7.2(e) AND TO STAY BRIEFING SCHEDULE AND FIRST AMENDED MOTION TO QUASH SUBPOENA ISSUED PURSUANT TO 17 U.S.C. § 512(h)** |

## I.  FACTUAL BACKGROUND

The instant action involves applicant Julia Allison Baugher's ("Baugher") subpoena issued pursuant to 17 U.S.C. § 512(h) (the "Subpoena") which seeks information sufficient to identify former contributors to a non-commercial, not-for-profit parody and criticism web-based log (the "Blog"). This action was not commenced following the filing of a Complaint containing specific allegations or evidence; instead, it was commenced following Baugher's counsel's request that the Subpoena issued in order to obtain the identity of individuals who own and operate the Blog (the "Does") and who used pseudonyms "to post

content that infringes Ms. Baugher's exclusive copyright rights." *See* Doc. 1-1. The alleged infringing content was initially described only as a 2013 book proposal which Baugher does not even claim to have copyrighted and photographs taken by Baugher, primarily "selfies," which Baugher posted to her public social media accounts. *See generally* Doc. 1.

Within days of retaining counsel in a foreign jurisdiction and less than two weeks after receiving notice of the Subpoena, to protect against imminent, irreparable harm, the Does filed their initial motion to quash the Subpoena (the "Initial Motion"). *See* Doc. 4. What the Does have learned since receiving notice of the Subpoena twenty (20) days after it was served on GoDaddy (and not the Does), includes the following:

- In June 2019, Baugher solicited assistance for "help shutting down the [Blog]" due to concerns unrelated to copyright (*see* Doc. 10 at 23);

- In August 2019, Baugher's current counsel filed a copyright application relating to certain photos taken by Baugher, primarily "selfies" (*see* Doc. 9-1 at ¶ 7, Doc. 9-2);

- Baugher posted those same photographs to her public social media accounts—including her public Facebook account which had nearly 125,000 "followers" as of December 18, 2019—shortly after applying to copyright them (*see* Doc. 10 at 19);

- In September 2019, Baugher claims she discovered certain of those photographs on the Blog (*see* Doc. 9-1 at ¶ 8);

- Baugher's current counsel sent DMCA takedown notices to GoDaddy, which hosted the Blog, relating to the proposal and the "selfies" within days after Baugher claims she discovered the same on the Blog (*see id.* at ¶¶ 8-10);

- Three days later, all the materials complained of were removed from the Blog (*see* Doc. 1-1 at ¶ 4); and

- Two weeks later, Baugher's current counsel filed the instant DMCA subpoena request and served the same on GoDaddy (*see* Doc. 9-1 at ¶ 12; Doc. 1).

At or around the same time Baugher applied to copyright her "selfies"—but *before* Baugher issued her DMCA takedown notice to GoDaddy, and *before* she served GoDaddy with the instant Subpoena—the Does and the Blog received numerous alarming threats relating to DMCA takedowns, threats to "dox" the Blog, and direct threats toward Doe 1 and members of her family. Doe 1 further observed posts threatening harm to the Blog and the Does on the publicly available social media account of Baugher's long-time personal friend.[1] These posts made during the same time Baugher was applying to copyright her "selfies" and then publishing them to her public social media included a September 19, 2019 post of messages among Baugher and her associate, disparaging and threatening to "dox" the Blog and the Does, and stating, "It has actually been on my to-do list to shut down the site for years. I cannot WAIT to do it." *See* Doc. 9-1 at ¶ 10; Doc. 10 at 21, 28-30.

Despite Baugher's accusations in her opposition filed on January 2, 2020 that the Does have engaged in "gamesmanship," "procedural gymnastics," and filed papers in "bad faith" and "with a dilatory motive" (*see* Doc. 13 at 7-9), based upon the information the Does have gathered to date, it appears Baugher and her counsel are attempting to abuse the DMCA to carry out a long-term plan to "take down" the Blog and harm its authors for reasons unrelated to her purported, and intentionally manufactured, copyright concerns.

Baugher's specific allegations relating to the Does and the alleged infringing materials were unknown until December 9, 2019, when Baugher filed her opposition to the Does' Motion to Quash and for a Temporary Restraining Order (the "Opposition" to the

---

[1] These statements included: "[Doe 1] is down for the count right now; We took out the main terrorist; I feel good about that. The osama bin laden [sic] is out; We did a raid; Sent in navy seals; She is GONE; Julia doesn't get paid enough / isn't famous enough to have to deal w this crap. . . . it should be 100% legal to publish the names and photos of anyone who runs a troll blog anonymously . . . as well as ignores DMCA takedowns" (which DMCA takedown requests had not yet even been served). *See* Doc. 10 at 20-22, 26-38.

"Initial Motion"). *See* Doc. 9. In the Opposition to the Initial Motion, Baugher described for the first time her specific allegations relating to the Does and the alleged infringing materials, including dates upon which Baugher alleges materials were posted on the Blog, dates upon which Baugher claims she discovered materials on the Blog, specific allegations relating to Blog posts containing alleged infringing materials, and the allegation that "as both direct and indirect infringers, Does have republished and widely disseminated hundreds of photographs and written pieces that were authored and owned by Ms. Baugher" since 2011. *See* Doc. 9 at 3-4; Doc. 9-1; Doc. 9-2.

Ten days after Baugher filed the Opposition to the Initial Motion, on December 19, 2019, the Does filed a Motion for Leave to file an Amended Motion to Quash which exceeds the page limitation set forth in L.R. Civ. 7.2(e) (the "Motion for Leave"). *See* Doc. 10. In the Motion for Leave, the Does specifically requested additional time and pages so that they could present this Court with the arguments and evidence they had gathered—and were continuing to gather—which directly refuted the claims contained in the Opposition to the Initial Motion, including statements contained in Baugher's Declaration attached to the Opposition to the Initial Motion. *See Id.* The Motion for Leave requested this Court's permission to file an *enlarged* Amended Motion to Quash; it did not request leave to file an amended motion which comports with the page limitation contained in L.R. Civ. 7.2(e).

Because no Order had been entered permitting the Does to file an enlarged Motion to Quash, on December 23, 2019, the Does filed a First Amended Motion to Quash which comports with the page limitation requirements contained in L.R. Civ. 7.2(e), "out of an abundance of caution" (the "Amended Motion"). *See* Doc. 11. Baugher now seeks to strike both the Motion for Leave and the Amended Motion in connection with her opposition to the same (the "Opposition to the Motions"). *See* Doc. 13.

Page 4

## II. ARGUMENT

Unlike litigation initiated through the filing of a Complaint which must contain specific factual allegations relating to each defendant, this action was initiated through the submission of generalized and conclusory statements alleging copyright infringement. As a result, the Does were required to move to quash the Subpoena before Baugher revealed her specific allegations relating to the Does. Essentially, the Does were placed in the unique position of having to respond to a Complaint before it was ever filed, and before all their defenses to specific allegations could be ascertained. The Motion for Leave or the Amended Motion should be granted to allow the Does to present all their argument, evidence, and defenses with the benefit of understanding Baugher's specific allegations against them (which were not articulated until December 2019).

The Motion for Leave or Amended Motion should also be granted because Baugher's arguments opposing the same are unavailing. As discussed in detail below, the arguments contained in Baugher's Opposition to the Motions misconstrue the motions filed by the Does, cite to inapposite rules and law, and ask this Court to refuse to consider substantive, Constitutional arguments for procedural reasons. Baugher's Opposition to the Motions further fails to address controlling 9th Circuit law cited by the Does in their briefing, which directly contradicts arguments contained in the Opposition to the Motions.

**A.** **<u>Baugher's Arguments Relating to the Motion for Leave Are Inapposite, Not Grounded in Any Controlling Law, and Ignore Relevant Controlling Law.</u>**

  *1.* *The Motion for Leave is Not a Reply Brief, and it is Procedurally Proper.*

Baugher first argues in her Opposition to the Motions that the Motion for Leave was an improper attempt to raise new arguments and evidence in a reply brief. Having so re-

framed the Motion for Leave, Baugher attacks it as though it were a reply and not a motion. However, Baugher's incorrect assertion that the Motion for Leave is in fact a reply brief does not make it so.

While Baugher states in her Opposition to the Motions that, "it is well-established that courts . . . do not permit parties to circumvent that rule [prohibiting new arguments raised in reply] by filing an 'Amended Motion' that is tantamount to a reply," the cases cited by Baugher contain no support for this statement. *See* Doc. 13 at 5. The first two cases Baugher cites do not address an "Amended Motion" at all. *See Nat'l Fire Ins. Co. v. Lewis*, 898 F. Supp.2d 1132 (D. Ariz. 2012) (addressing new argument raised in a reply in support of a motion for summary judgment); *De Freitas v. Thomas*, 2016 U.S. Dist. LEXIS 9461 (D. Ariz., Jan. 26, 2016) (granting a request for leave to amend a response to a motion and denying a request to strike the request for leave to amend). The third case cited by Baugher, which is a decision out of the Northern District of Texas, involves an Amended Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See Blundell v. Lassiter*, 2018 U.S. Dist. LEXIS 225994 (N.D. Tex. 2018).

Contrary to Baugher's representation of the *Blundell* case, the *Blundell* court did not hold "that a defendant should not be permitted to amend his motion to dismiss to include new arguments that would not have been considered in a reply." *See* Doc. 13 at 5. Instead, the *Blundell* court expressly considered the merits of the new arguments contained in the Amended Motion to Dismiss and found them unpersuasive. *See* 2018 U.S. Dist. LEXIS 225994, at *40-42. Because the court determined that even upon considering the new arguments contained in the Amended Motion to Dismiss, the plaintiff in *Blundell* had pled sufficient facts to support their Complaint, the *Blundell* court denied the Amended Motion to Dismiss "in the interest of judicial efficiency." *Id.* Accordingly, Baugher offers no

support for her contention that it is "well-established" that courts routinely construe motions for leave or amended motions as improper reply briefs.

Not only does Baugher fail to offer support for her contention that such motions are procedurally improper, she fails to address any of the approximately 678 opinions issued within the District Court of Arizona which discuss a variety of amended motions, including: (1) this Court's decision in *Puente v. City of Phoenix* granting in part and denying in part an amended motion for class certification, granting a motion for leave to supplement the class certification record, and denying a motion to strike (2019 U.S. Dist. LEXIS 169865 (D. Ariz. Sept. 30, 2019)); (2) this Court's decision in *Humphreys v. Coolidge* granting an amended motion for extension of time to respond to a Complaint after denying an initial motion for extension of time (2017 U.S. Dist. LEXIS 208980 (D. Ariz. Dec. 20, 2017)); and (3) this Court's decision in *Bey v. Gialketsis* considering a party's amended motion for joinder and substitution (2017 U.S. Dist. LEXIS 61074 (D. Ariz. April 20, 2017)).

> 2. *The Motion for Leave Meets Even the Incorrect Standard Cited by Baugher.*

Baugher next argues that the Motion for Leave should be denied because the Does failed to meet the standard for amending pleadings contained in Fed. R. Civ. P. 15(a)(2). This argument is inapposite as the Does have not filed any pleadings, and the Motion for Leave is certainly not a motion for leave to amend a complaint. Even if the standard relating to amending pleadings applied here, which it does not, the Does' Motion for Leave meets that standard.

First, the Does have demonstrated diligence in connection with this action, including locating and retaining counsel and filing the Initial Motion within two weeks after receiving notice of the Subpoena and filing the Motion for Leave within ten days after learning of

Baugher's specific allegations and evidence relating to the Does.[2]

Second, Baugher's argument that the Motion for Leave was untimely pursuant to Rule 45, Fed. R. Civ. P. is misplaced. As an initial matter, the authority upon which Baugher relies relates to parties, and the Does were not parties to a lawsuit nor were they the recipient of the Subpoena. In fact, the Does have never been served with the Subpoena served upon GoDaddy and to which GoDaddy has not responded. To the contrary, it is undisputed that the Does did not even receive notice of the Subpoena until twenty days after it was served, a week *after* Baugher incorrectly argues the Does were required to serve their response. Unlike GoDaddy, the Does do not have corporate or otherwise regularly retained counsel, and yet they located and retained counsel who prepared and filed the Initial Motion within the same fourteen-day time frame in which Baugher argues parties served with subpoenas should serve their objections.

Third, far from failing to explain why the Does filed the Motion for Leave just over one month after they filed the Initial Motion, the Does expressly stated in the Initial Motion that they were: (1) working to inform all of the Does of issues relating to this action, including working with an individual who was currently out of the country, and that they were likewise (2) working to collect evidence supporting the arguments contained in the Initial Motion and prepare documents through which to present this evidence to this Court. In fact, certain of the important evidence contained in the Motion for Leave was discovered just days before the Motion for Leave was filed in December of 2019. *See* Doc. 10 at 23.

Fourth, the Does made plain in the Motion for Leave the substantial, irreparable harm and prejudice to the Does should they not be permitted to present this Court with all of

---

[2] Upon receipt of a request from Baugher's counsel, the Does agreed to extend Baugher's time within which to file her Opposition to the Initial Motion, resulting in the parties' Stipulation for Extension of Time. *See* Doc. 8.

their arguments supporting their motion to quash, including the disclosure of their identities to Baugher who, along with her close associate, has threatened and was continuing to threaten harm to the Does, should she learn the same. While Baugher asserts that she will incur additional costs of litigation (in a matter which she initiated) and be prejudiced by a delay in learning the identities of the Does should the Motion for Leave be granted (*see* Doc. 13 at 9), as set forth in the Motion for Leave, the permanent and irreparable loss of their anonymity, the actual harm threatened to the Does, and the loss of the Does' First Amendment rights should the motion be struck or denied, outweigh the prejudice to Baugher. Moreover, to the extent legal fees are considered in this Court's analysis of relative prejudice to the parties, the Does have also incurred substantial legal fees in connection with this action, and their fees are continuing and will continue to grow as the Does' counsel works to prevent irreparable harm to their clients. Baugher's procedural complaints relating to the Motion for Leave should not trump the Does' substantive, Constitutional arguments raised therein, and such procedural complaints certainly should not result in this Court declining to consider the Does' Constitutional arguments altogether.

Fifth, the Does' Motion for Leave is not futile. As set forth in the Motion for Leave, fair use invalidates Baugher's copyright claims, and consideration of the Does' fair use arguments is therefore not "premature" in connection with this action. *See* Doc. 13 at 10; *compare* Doc. 10 at 5 ("As the Ninth Circuit has made clear, "for purposes of the DMCA, fair use is uniquely situated in copyright law so as to be treated differently than traditional affirmative defenses. . . . [F]air use is 'authorized by law[.]'") (citing *Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1153 (9th Cir. 2016)). Indeed, Baugher's characterization of the Does' fair use arguments as an "affirmative defense" (*see* Doc. 9 at 15) has been ruled a "misnomer" by the 9th Circuit. *See Lenz*, 815 F.3d at 1152 ("Given that 17 U.S.C. § 107

expressly authorizes fair use, labeling it as an affirmative defense that excuses conduct is a misnomer").

Not only is this Court's consideration of the Does' fair use arguments appropriate at this time, Baugher and her counsel were required to consider the Does' fair use arguments prior to requesting that the Subpoena issue under controlling 9th Circuit law. *See* Doc. 10 at 5-6 ("because fair use is a non-infringing use authorized by statute, a copyright holder must consider the existence of fair use before issuing a takedown notification under the DMCA, which is required before obtaining a subpoena") (citing *Lenz*, 815 F.3d at 1153). The fact that Baugher continues to argue the Does' fair use arguments should not be considered by this Court or are not yet ripe for consideration, even after the Does pointed Baugher to controlling 9th Circuit law directly contradicting this argument, strongly suggests that Baugher and her counsel did not actually perform the requisite consideration of the Does' fair use arguments before issuing the Subpoena. If Baugher and her counsel failed to consider whether the alleged incorporation of Baugher's proposal and "selfies" into a parody and criticism blog was fair use of those materials, under *Lenz*, Baugher faces liability for damages incurred by the Does in connection with the Subpoena. *See Lenz*, 815 F.3d at 1154 ("To be clear, if a copyright holder ignores or neglects our unequivocal holding that it must consider fair use before sending a takedown notification, it is liable for damages under § 512(f). . . . A copyright holder who pays lip service to the consideration of fair use by claiming it formed a good faith belief when there is evidence to the contrary is still subject to § 512(f) liability."). The Does' damages stemming from the Subpoena expressly recoverable under *Lenz* include attorneys' fees, costs, and non-monetary damages for harm caused by the Subpoena (which could include damages for emotional distress, violation of the Does' First Amendment rights, and loss of the Blog).

Sixth, as the Does argued in the Motion for Leave and the Amended Motion, Baugher does not require the information sought in connection with the Subpoena in order to achieve her stated goal of pursuing litigation against the Does relating to alleged copyright infringement. The Ninth Circuit permits parties to participate in litigation anonymously—even as plaintiffs—upon a showing of threatened harm should their identities be revealed. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000). Federal District Courts have likewise placed restrictions upon the disclosure of information sought in connection with DMCA subpoenas under circumstances where, as here, anonymous bloggers or commentators reasonably fear that harm will result if their identities are unmasked. *See*, *e.g.*, *In re DMCA Subpoena to Reddit, Inc.*, 383 F. Supp. 3d 900 (N.D. Cal. May 17, 2019) (ordering that in light of threats issued, a Reddit commentator's identity may be disclosed "**only** [to] **attorneys of record"** and not to their client, their staff, or expert witnesses or any other person absent approval from the court); *see also Signature Mgmt Team, LLC v. Doe*, 323 F. Supp. 3d 954 (E.D. Mich. August 21, 2018) (finding an anonymous blogger's identity must not be disclosed, even where the blogger is a defendant in a lawsuit, in light of fear of threats and harassment).

In sum, Baugher is requesting the extreme measure of striking the Motion for Leave from the record based largely upon misplaced procedural arguments that bear little application to the actual motions filed in the present action. Baugher ignores the Does' evidence of extreme prejudice should the Motion for Leave be denied, including evidence of Baugher's pattern of threats and harassment toward the Blog and the Does and threats made just prior to the issuance of the Subpoena to "dox" the Does and "take down" the Blog. Baugher further fails to address controlling, relevant law cited by the Does in support of their Motion for Leave in connection with urging this Court not to consider the Does' fair

use arguments, which arguments are critical to this Court's analysis of the motion to quash and which arguments the 9th Circuit required Baugher to consider before ever requesting that the Subpoena issue in order to avoid liability under 17 U.S.C. § 512(f). For these reasons, the Motion for Leave should be granted, and Baugher's request that it be stricken should be denied.

### B. The Does' First Amended Motion was Procedurally Proper.

Baugher finally argues that the Amended Motion should be denied because it was filed without obtaining leave from this Court. This argument again misconstrues the Amended Motion as a pleading. Fed. R. Civ. P. 15(a)(2) does not apply to motions, nor was there an Order in place relating to the time to file amended motions when the Does filed the Amended Motion.

The Does expressly stated in the Amended Motion that they were filing the same out of an abundance of caution, in light of the fact that they had not yet been granted permission to file an enlarged amended motion to quash in an effort to ensure that the Does' critical First Amendment arguments be considered by this Court, before any decision relating to the Does' request to quash the Subpoena is entered. Baugher cites no relevant, applicable rule or law in her Opposition to the Motions supporting her argument that the Amended Motion should be denied due to lack of consent to file the same.

### III. CONCLUSION

For the reasons set forth herein, the Does respectfully request that this Court grant their Motion for Leave to File Amended Motion to Quash Exceeding the Page Limitation Set Forth in L.R. Civ. 7.2 (e) or grant their First Amended Motion to Quash. Further, the Does respectfully request that this Court deny Applicant Julia Allison Baugher's request to strike the Motion for Leave and the Amended Motion contained in her Memorandum in

Case 2:19-mc-00034-JJT   Document 14   Filed 01/09/20   Page 13 of 14

Opposition to Movants' Motion for Leave to File an Amended Motion to Quash and Movants' First Amended Motion to Quash.

**RESPECTFULLY SUBMITTED** this 9th day of January 2020.

**PROVIDENT LAW®**

 /s/Philip A. Overcash
Philip A. Overcash
Christopher J. Charles
14646 N. Kierland Boulevard, Suite 230
Scottsdale, AZ 85254
*Attorneys for Jane Does and John Doe*

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Bradley D. Shwer, Esq.
Sara R. Witthoft, Esq.
ThorpeShwer
bshwer@thorpeshwer.com
switthoft@thorpeshwer.com
*Attorneys for Applicant Julia Allison Baugher*

                                                /s/ Judi J. Partin
                                                Judi J. Partin